# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARTA E. SHEEHAN, | CASE NO. 08-CV-1658-IEG (POR) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | **[Doc. No. 12.]** |

Presently before the Court is Plaintiff Marta Sheehan's ("Plaintiff") motion for leave to file a first amended complaint. (Doc. No. 12.) Defendant United States of America ("Defendant" or "United States") has filed an opposition, and Plaintiff has filed a reply. The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court grants the motion in part, and denies it in part.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2008 Plaintiff filed suit against Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") (Doc. No. 1.) Plaintiff's claim arises from injuries she allegedly suffered as result of a bunionectomy she underwent at the Naval Hospital Camp Pendleton in Camp Pendleton, California. Plaintiff contends that as a result of the "negligence, carelessness, and medical malpractice" of her treating physicians and other hospital staff during the procedure, she suffered a major infection, cartilage damage, and loss of feeling in two toes. Defendant filed an answer to the complaint on November 10, 2008. (Doc. No. 4.)

**DISCUSSION**

Plaintiff moves the Court for leave to file a first amended complaint pursuant to Fed. R. Civ. P. 15(a). Specifically, Plaintiff seeks to add to the complaint: (1) her husband, Timothy J. Sheehan as a plaintiff; (2) I-FLOW Corp. ("I-FLOW") as a defendant; (3) a loss of consortium claim on Mr. Sheehan's behalf against the United States and I-FLOW; and (4) causes of action for strict liability, negligence, breach of implied warranty, and breach of express warranty against I-FLOW only.

I.   Legal Standard

Under Fed. R. Civ. P. 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, "not all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." Id. at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original). The decision of whether or not to grant leave to amend under Rule 15(a) is within the sound discretion of the district court. California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

II.  Analysis

   A.   Addition of a Claim By Mr. Sheehan Against the United States

Defendant's opposition brief focuses solely on Plaintiff's request to add Mr. Sheehan as a second plaintiff. Defendant argues Mr. Sheehan has not presented an administrative claim to the

1  Department of the Navy, as required by 28 U.S.C. § 2675(a),[1] prior to attempting to bring a claim
2  in district court against the United States.  Plaintiff, in her reply brief, concedes that Mr. Sheehan
3  did not file the required administrative claim until April 22, 2009, and acknowledges "the law
4  requires that he wait six months to October 22, 2009" before bringing suit against the United
5  States.  (Reply at 1.)  In light of this circumstance, Plaintiff has requested the Court add Mr.
6  Sheehan as a plaintiff with respect to I-Flow only.

7  The Court agrees it does not have jurisdiction over any claim by Mr. Sheehan against the
8  United States until he has exhausted his administrative remedies under the FTCA.  Johnson v.
9  United States, 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claims procedures
10 established under the [FTCA] is a prerequisite to district court jurisdiction.") Accordingly, the
11 Court denies Plaintiff's motion for leave to amend her complaint to the extent she seeks to add a
12 claim by Mr. Sheehan against the United States.  The Court addresses Plaintiff's request to add
13 Mr. Sheehan with respect to I-FLOW in Subsection B, *infra*.

14  B.  Plaintiff's Other Requested Amendments

15 The touchstone of the Rule 15(a) inquiry is whether the proposed amendment would
16 unfairly prejudice the defendant.  Eminence Capital, 316 F.3d at 1052.  The party who opposes
17 amendment bears the burden of demonstrating the prejudice.  DCD Programs, Ltd. v. Leighton,
18 833 F.2d 183, 187 (9th Cir. 1987).  In the present case, Defendant has not objected to: (1) the
19 addition of I-FLOW as a party; (2) Mr. Sheehan's bringing a claim against I-FLOW; or (3) any of
20 the proposed claims Plaintiff wishes to bring against I-FLOW.  As such, Defendant has made no
21 demonstration of prejudice with respect to these proposed amendments.  Similarly, there has been
22 no strong showing Plaintiff has requested the amendments in bad faith, that Plaintiff has unduly

---

[1] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a) (2009).

1   delayed in seeking to amend, or that the amendments would be futile.[2]  Absent these showings,

2   there is a presumption in favor of granting Plaintiff leave to amend under Rule 15(a).  Eminence

3   Capital, 316 F.3d at 1052.

4        Accordingly, the Court grants Plaintiff's motion for leave to amend her complaint to

5   include: (1) I-FLOW as a defendant; (2) Mr. Sheehan as a plaintiff, with respect to the proposed

6   loss of consortium claim against I-FLOW **only***;* and (3) causes of action for strict liability,

7   negligence, breach of implied warranty, and breach of express warranty against I-FLOW **only**.

## CONCLUSION

9        For the reasons set forth herein, the Court **GRANTS IN PART** Plaintiff's motion for leave

10  to file a FAC.  Plaintiff may amend her complaint to include: (1) I-FLOW as a defendant; (2) Mr.

11  Sheehan as a plaintiff, with respect to the proposed loss of consortium claim against I-FLOW

12  **only***;* and (3) causes of action for strict liability, negligence, breach of implied warranty, and

13  breach of express warranty against I-FLOW **only**.  The Court **DENIES** Plaintiff's motion to the

14  extent she seeks to add a claim by Mr. Sheehan against the United States.  Plaintiff shall file the

15  amended complaint no later than **Friday, May 15, 2009**.

17  **IT IS SO ORDERED.**

19  **DATED:  May 7, 2009**

20                                                          _____
    **IRMA E. GONZALEZ, Chief Judge**
21                                                           **United States District Court**

---

28      [2] This is Plaintiff's first attempt to amend the complaint, so the Foman factor of "repeated failure to cure deficiencies by amendments" is inapplicable here.