# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA E. SHEEHAN and TIMOTHY J. SHEEHAN,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA and I-FLOW CORPORATION,<br><br>    Defendants. | CASE NO. 08-CV-1658-IEG (POR)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(Doc. No. 29.)** |

Presently before the Court is Plaintiffs' motion for leave to file a second amended complaint. (Doc. No. 29.)   For the reasons explained herein, the Court grants the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2008 Plaintiff Marta Sheehan filed suit against the United States of America ("United States") under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") (Doc. No. 1.) Ms. Sheehan's complaint arose from injuries she allegedly suffered as result of a bunionectomy she underwent at the Naval Hospital Camp Pendleton in Camp Pendleton, California.  Plaintiff contended that as a result of the "negligence, carelessness, and medical malpractice" of her treating physicians and other hospital staff during the procedure, she suffered a major infection, cartilage damage, and loss of feeling in two toes.  On May 15, 2009 Ms. Sheehan filed a first amended complaint naming I-Flow Corporation ("I-Flow") as a defendant, and adding her husband Timothy Sheehan as a plaintiff with respect to a loss of consortium claim against I-Flow. (Doc. No. 20.) The

first amended complaint also added several other causes of action against I-Flow.

Plaintiffs now seek to amend the complaint to add Mr. Sheehan as a plaintiff in the first cause of action for medical negligence against the United States, and to add the United States as a defendant in Mr. Sheehan's loss of consortium claim. (Memo ISO Motion at 2.) Plaintiffs have attached the proposed second amended complaint to their motion. The United States has filed a notice of non-opposition to the motion (Doc. No. 30,) and I-Flow has not filed any response to the motion. The Court finds Plaintiffs' motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

I.   Legal Standard

Under Fed. R. Civ. P. 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, "not all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." Id. at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original). The decision of whether or not to grant leave to amend under Rule 15(a) is within the sound discretion of the district court. California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

II.   Analysis

The touchstone of the Rule 15(a) inquiry is whether the proposed amendment would unfairly prejudice the defendant. Eminence Capital, 316 F.3d at 1052. The party who opposes amendment bears the burden of demonstrating the prejudice. DCD Programs, Ltd. v. Leighton,

1  833 F.2d 183, 187 (9th Cir. 1987). In the present case, the United States has explicitly indicated it
2  does not oppose the motion, and I-Flow has not opposed the motion. In light of this lack of
3  opposition, there has clearly been no demonstration of prejudice. Similarly, there has been no
4  strong showing that Plaintiffs have requested the amendment in bad faith, that Plaintiffs have
5  unduly delayed in seeking to amend, or that the amendment would be futile. Moreover, Plaintiffs
6  have only sought to amend the complaint once before, so there has been no "repeated failure to
7  cure deficiencies" in the complaint. Absent these showings, there is a presumption in favor of
8  granting Plaintiffs leave to amend under Rule 15(a). <u>Eminence Capital</u>, 316 F.3d at 1052.
9  Accordingly, the Court grants Plaintiffs' motion.

## CONCLUSION

Plaintiffs' motion for leave to file a second amended complaint is GRANTED. The Clerk shall docket the second amended complaint attached to Plaintiffs' motion as Plaintiffs' Second Amended Complaint. Moreover, the hearing on Plaintiffs' motion, currently scheduled for September 14, 2009, is hereby VACATED.

**IT IS SO ORDERED.**

**DATED: September 2, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**