# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA E. SHEEHAN, and<br>TIMOTHY J. SHEEHAN,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>I-FLOW CORPORATION,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08-CV-1658-IEG (POR)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO REMAND (Doc. No. 39); and**<br><br>**(2) DISMISSING THE ACTION WITHOUT PREJUDICE.** |

Presently before the Court is Plaintiffs Marta E. Sheehan and Timothy J. Sheehan's ("Plaintiffs") motion to remand to state court. (Doc. No. 39.) Defendant I-Flow Corporation ("I-Flow") filed a notice of non-opposition to the motion.

The Court finds the matter appropriate for disposition without oral argument pursuant to Local Rule 71.1(b). For the reasons stated herein the Court denies the motion to remand. However, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses the case without prejudice to its being re-filed in state court.

## BACKGROUND

This case involves an injury sustained by Marta E. Sheehan at the navel hospital in Camp Pendelton in California. On September 10, 2008, Plaintiff filed a Complaint in this court against the United States of America ("United States") pursuant to the Federal Tort Claims Act. (Doc.

1  No. 1.)  Plaintiff alleged agents and/or employees of the hospital negligently performed a
2  bunionectomy on her foot.
3        On May 7, 2009, Plaintiff filed a First Amended Complaint which added I-Flow
4  Corporation as a defendant and added Timothy J. Sheehan as a plaintiff with respect to a loss of
5  consortium claim against I-Flow only. (Doc. No. 20.)  In addition, the First Amended Complaint
6  added state law causes of action for strict liability, negligence, breach of implied warranty, and
7  breach of express warranty against I-Flow only.  Plaintiffs allege I-Flow manufactured and sold a
8  post-operative pain relief device, which was used on Marta E. Sheehan and caused her injury.
9        On September 3, 2009, Plaintiffs filed a Second Amended Complaint asserting the same
10 causes of action.  (Doc. No. 32.)
11       On November 19, 2009, Plaintiffs and the United States filed a joint motion to dismiss the
12 case with prejudice against the United States only, which the Court granted.  (Doc. No. 39.)
13 Subsequently, Plaintiffs filed the instant motion to remand.  (Doc. No. 44.)  Plaintiffs request the
14 Court remand the case to San Diego Superior Court for lack of subject matter jurisdiction because
15 the only claims remaining are state law claims against I-Flow.

16 **DISCUSSION**

17       As an initial matter, the Court notes that Plaintiffs originally filed the action in this court,
18 and therefore Plaintiffs' motion to remand to state court is improper.  However, the Court *sua*
19 *sponte* decides the issue whether it should decline to exercise supplemental jurisdiction over
20 Plaintiffs' state law claims.
21       "It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen
22 Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  Pursuant to 28 U.S.C. § 1367,
23 federal courts may have supplemental jurisdiction over claims where no original jurisdiction
24 exists. Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005). Section
25 1367(a) grants supplemental jurisdiction over state law claims "that are so related to claims in the
26 action within such original jurisdiction that they form part of the same case or controversy under
27 Article III of the United States Constitution."  28 U.S.C. § 1367(a); United Mine Workers of Am.
28 v. Gibbs, 383 U.S. 715, 725 (1966).  To form part of the same "case or controversy," the state law

claims must "derive from a common nucleus of operative fact[s] . . . such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Id. at 725.

However, district courts have discretion to decline exercising supplemental jurisdiction over a state law claim under § 1367, even when they have the power to exercise it. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002). The district courts may *sua sponte* decline to exercise supplemental jurisdiction if: 1) the claim raises a novel or complex issue of state law; 2) the state law claim substantially predominates over the federal claims; 3) the district court has dismissed all claims over which it has original jurisdiction; or 4) if there is some other exceptional and compelling reason to decline jurisdiction. 28 U.S.C. § 1367(c); see, e.g., Sparrow, 385 F. Supp. 2d at 1070-71. In deciding whether to exercise supplemental jurisdiction, the court should consider the interests of judicial economy, convenience, fairness and comity. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001).

Here, two of the enumerated exceptions set forth in § 1367(c) apply. First, the Court has dismissed all claims over which it has original jurisdiction. On November 19, 2009, the Court dismissed the case with prejudice against Defendant United States of America, pursuant to the parties' joint motion. (Doc. No. 39.) In doing so, the Court necessarily dismissed Plaintiffs' claim under the Federal Tort Claims Act against the United States. Plaintiffs' only remaining claims are state law claims for strict liability, negligence, breach of implied warranty, and breach of express warranty against I-Flow. Second, because only state law claims remain, state law claims necessarily substantially predominate over the federal claims.

Furthermore, the interests of judicial economy and convenience do not militate in favor of exercising supplemental jurisdiction. Although Plaintiff filed her original Complaint on September 10, 2008, Plaintiff did not add I-Flow as a defendant until May 15, 2009, and the Second Amended Complaint was not filed until September 2, 2009. Thus, little discovery has taken place so far. The interest in fairness also does not militate in favor of exercising supplemental jurisdiction, as Plaintiffs seek to have their case heard in state court and I-Flow does not oppose Plaintiffs' motion to remand.

**CONCLUSION**

Accordingly, the Court DENIES Plaintiffs' motion to remand, but declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  This action is DISMISSED WITHOUT PREJUDICE to its being re-filed in state court.

**IT IS SO ORDERED.**

DATED:  February 2, 2010

IRMA E. GONZALEZ, Chief Judge
United States District Court